IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SCOTT R. SCHMIDT,

          Plaintiff,

  v.

DEBRA McCULLOUGH, ROBERT KNEEPKINS,
BRIAN FAUST, JEFF HRUDKA, JOHN DOE 1 and
JOHN DOE 2,

          Defendants.

ORDER

12-cv-192-slc

      Plaintiff Scott Schmidt, a patient at the Sand Ridge Secure Treatment Center, in Mauston, Wisconsin, has filed a proposed complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. In addition, he has submitted a petition and affidavit to proceed without prepayment of fees and costs.

      This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiff who are not subject to the 1996 Prison Litigation Reform Act. *See Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999). From a six-month resident account statement covering the full six-month period immediately preceding the filing of the plaintiff's complaint, the court calculates two amounts, 20% of the plaintiff's average monthly income and 20% of the plaintiff's average monthly balance. Whichever amount is greater is the amount the plaintiff will have to prepay toward the $350 filing fee. He will qualify for indigent status with respect to the remainder of the fee. (The *in forma pauperis* statute does not permit a court to waive entirely a plaintiff's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.)

Plaintiff will have to provided a copy of his six-month resident account statement if he intends to pursue his request for leave to proceed *in forma pauperis*. Because plaintiff's complaint was submitted on March 19, 2012, his resident account statement should cover the period beginning approximately September 19, 2011 and ending approximately March 19, 2012. If plaintiff fails to submit the required statement within the deadline set below, I will assume he does not wish to proceed with this action and this case will be closed.

ORDER

IT IS ORDERED that plaintiff may have until April 23, 2012, in which to submit a certified copy of his resident account statement beginning approximately September 19, 2011 and ending approximately March 19, 2012. If, by April 23, 2012, plaintiff fails to submit the required statement or show cause of his failure to do so, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 2nd day of April, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge